UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**JAMES LEINENBACH,**               )
                                    )
            **Plaintiff,**          )
                                    )   Civil Action
     v.                             )   No. 05-744 (GK)
                                    )
**UNITED STATES DEP'T OF**          )
**JUSTICE, <u>et al.</u>,**         )
                                    )
            **Defendants.**         )
_____)

                        **<u>MEMORANDUM OPINION</u>**

Plaintiff, James F. Leinenbach, brings this action <u>pro se</u> against the United States Department of Justice ("DOJ"), the National Personnel Records Center ("NPRC"), a component of the National Archives and Records Administration ("NARA"), and several individual Defendants,[1] pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a.  Plaintiff seeks records about himself as well as personnel files relating to the Assistant United States Attorney who prosecuted a case against him in 1994, Barbara L. Miller. Plaintiff alleges that Defendants unlawfully withheld Miller's records.

This matter is currently before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment

---

[1] The individual Defendants are Marie A. O'Rourke, M.C. Wayman, William D. Bassman, Patricia S. Resler, and Marlene Wahowiak.

[Dkt. No. 12]. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendants' Motion is hereby **granted**.

## I. BACKGROUND

### A. Facts

#### 1. Plaintiff's FOIA/PA request with DOJ's Office of Professional Responsibility

On January 5, 2004, Plaintiff, a prisoner incarcerated at the Allenwood Federal Correctional Institution, filed a FOIA/PA request with the DOJ's Office of Professional Responsibility ("OPR"), seeking "all records wherein [his] name appears" as well as "employment records" relating to "former AUSA Barbara L. Miller, AUSA in [the] Eastern Dist. of PA." See Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J. (hereinafter "Defs.' Mot."), Hall Decl., Ex. 6.

On February 3, 2004, Defendant Marlene Wahowiak, OPR's Assistant Counsel for Freedom of Information and Privacy Acts, responded. Wahowiak's letter informed Plaintiff that OPR's search located no records relating to him. See id., Ex. 7. It also noted that "after careful consideration," she had "decided to refuse to confirm or deny the existence of any records pertaining to former AUSA Barbara L. Miller." Id. Without an individual's consent, the existence of an official investigation, or an "overriding public interest," she explained, FOIA exemptions (b)(6) and (b)(7)

precluded her from even acknowledging the existence of records responsive to his request. Id. Wahowiak's letter notified Plaintiff that he could appeal OPR's response, within 60 days, and provided explicit instructions on how to file such an appeal. Id. As of June 24, 2005, OPR had no record of Plaintiff filing an appeal of the decision. See Hall Decl., Ex. 8.

### 2. Plaintiff's FOIA request with the NPRC

On the same day that he filed his FOIA request with OPR, January 5, 2004, Plaintiff filed a separate but identical request with the Executive Office for United States Attorneys ("EOUSA"), again seeking "all records wherein [his] name appears" a well as "employment records" relating to "former AUSA Barbara L. Miller, AUSA in [the] Eastern Dist. of PA." See Defs.' Mot., Kornmeier Decl., Ex. A. Defendant Marie A. O'Rourke, Assistant Director of the EOUSA, replied to Plaintiff on February 3, 2004, informing him that the agency does not maintain the information he requested and directing him to contact the NPRC, which is the repository for such records. Id., Ex. B.

Later in February 2004,[2] Plaintiff sent a FOIA request to NPRC, this time seeking only information about Miller. See id., Bassman Decl. ¶ 6. Because Plaintiff had not provided sufficient identifying information, such as Miller's full legal name, birth

---

[2] The precise date of Plaintiff's initial correspondence with NPRC is unclear from the pleadings.

date, or social security number, NPRC returned Plaintiff's request to him with a "returned request form" on March 9, 2004. See Compl. at 3.  Plaintiff, convinced that he was not "required to provide [NPRC] with information already in their possession and available with the touch of a button," refused to provide any additional information about Miller and again demanded her personnel files in a March 15, 2004 letter.

On April 5, 2004, Defendant William Bassman, Chief of the NPRC's Reference Service Branch informed Plaintiff that the agency held approximately 919 records under the name Barbara Miller and explained that it could not locate a particular individual's folder without "the[ir] complete name, Social Security Number, Date-of-Birth, name of the Federal Agency by whom employed, and the approximate beginning and end dates of employment." See Bassman Decl., Attach. C.  The letter also directed Plaintiff to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit"), for the "court records" he sought.[3]  See id.

On September 16, 2004, Plaintiff responded with a "final formal request" in which he again argued that he was "not required to provide" the information requested.  See Compl., Appx. 8.  In that letter, Plaintiff notes that he has "been sent from pillar to

---

[3] Plaintiff did make contact with the Federal Circuit, which informed him that "notwithstanding the advice given by Mr. Bassman . . . this court maintains no database or information on file on Assistant United States Attorneys," in part because "United States Attorneys do not appear here."  Compl., Appx. 6A.

post by the nuemerous [sic] Agencies within the Justice Department, most recently by" the Federal Circuit and claims to have appealed DOJ's denial of his original request. Id. Plaintiff threatened to sue if NPRC did not immediately give him access to Miller's files. See id.

Defendant M.C. Wayman, Chief of NPRC's Personnel Reference Service Section, replied to Plaintiff on October 6, 2004. Referring him to the reasoning outlined in the agency's letter of April 5, 2004, Wayman explained that NPRC would be unable to supply the requested information. See Bassman Decl., Appx. 8. Wayman's letter did not inform Plaintiff of any right he might have to appeal NPRC's decision. See id.

**B.   Procedural History**

Plaintiff filed his Complaint on April 8, 2005. On August 1, 2005, the Government filed the instant Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. No. 12]. Plaintiff opposed that Motion on August 12, 2005 and the Government filed its Reply on August 22, 2005.

**II.   STANDARD OF REVIEW**

A motion to dismiss should only be granted "when it appears beyond doubt that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). Because such motions "summarily extinguish litigation at

the threshold and foreclose the opportunity for discovery and factual presentation, [they] should be treated with the greatest of care." Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

If the Court must consider "matters outside the pleading" to reach its conclusion, a motion to dismiss "must be treated as one for summary judgment and disposed of as provided in Rule 56." See Fed. R. Civ. P. 12(b); see also Yates v. District of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003).

Upon receiving a request that "reasonably describes" the records sought, 5 U.S.C. § 552(a)(3), FOIA "requires agencies to comply with requests to make their records available to the public, unless the requested records fall within one or more of nine categories of exempt material." Oglesby v. Dep't of the Army, 79 F.3d 1172, 1176 (D.C. Cir. 1996) (citing 5 U.S.C. §§ 552(a),(b)).

An agency that withholds information pursuant to a FOIA exemption bears the burden of justifying its decision, see Petroleum Info. Corp. v. Dep't of the Interior, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing 5 U.S.C. § 552(a)(4)(B)), and must submit an index of all materials withheld. See Vaughn v. Rosen, 484 F.2d 820, 827-28 (D.C. Cir. 1973). In determining whether an agency has

properly withheld requested documents under a FOIA exemption, the district court conducts a de novo review of the agency's decision. See 5 U.S.C. § 552(a)(4)(B).

A court may award summary judgment in a FOIA case solely on the basis of information provided in affidavits or declarations when they (1) "describe the documents and the justifications for nondisclosure with reasonably specific detail;" (2) "demonstrate that the information withheld logically falls within the claimed exemption;" and (3) "are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). See also King v. Dep't of Justice, 830 F.2d 210, 217 (D.C. Cir. 1987).

Where, as here, a party is proceeding pro se, courts must liberally construe the pleadings submitted. See U.S. v. Palmer, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972), for the proposition that the allegations of a pro se litigant, "however inartfully pleaded," are subject to "less stringent standards than formal pleadings drafted by lawyers"). There are limits to the latitude a court must afford, however. A court may not, for instance, permit pro se litigants to disregard the Federal Rules of Civil Procedure. See U.S. v. Funds From Prudential Securities, 362 F. Supp. 2d 75, 82 (D.D.C. 2005). Nor may a court entertain "what[ever] claims a [pro se litigant]

may or may not want to assert" without an adequate jurisdictional basis.  Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C. 1987).

**III. ANALYSIS**

### A. Plaintiff's Complaint Must Be Dismissed as to the Individual Defendants Because FOIA and the Privacy Act Only Allow Civil Actions Against an "Agency"

The Government maintains that Plaintiff "incorrectly named individual employees within EOUSA and OPR, both subcomponents of [DOJ], and employees within the NPRC, a subcomponent of [NARA]" and that "[b]ecause FOIA cases may only be brought against an "agency," the individually named Defendants must be dismissed.  Defs.' Mot. at 2.  In response, Plaintiff claims that several of these Defendants, most notably Bassman, have misled him and "made false declarations to this court," but presents no argument on the issue of whether FOIA permits claims against individual Defendants. See Opp'n at 9.

FOIA gives federal district courts jurisdiction to enjoin an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).  For purposes of the statute, an "agency" means "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."  Id. § 552(f).  On its face, the statute does

not permit claims against individuals, and courts have consistently dismissed such claims. See Stone v. Federal Bureau of Investigation, 816 F. Supp. 782 (D.D.C. 1993) ("Plaintiff may not assert a FOIA claim against individual federal employees."); Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991) (same); Harrison v. Lappin, 2005 WL 752186 *3 (D.D.C. 2005) (same); see also Petrus v. Bowen, 833 F.2d 581, 582-83 (5th Cir. 1997) (collecting authority).

Likewise, the PA authorizes a civil action for injunctive relief "whenever an agency," inter alia, "refuses to comply with an individual request" for information or fails to amend an individual's record in accordance with a proper request. 5 U.S.C. § 552(g)(1) (emphasis added). The statute incorporates the definition of the term "agency" set forth in FOIA, see id. § 552a(a)(1), and does not permit claims against individuals.

Accordingly, because neither FOIA nor the PA provides a cause of action against individuals, the Complaint is dismissed as to Defendants O'Rourke, Wayman, Bassman, Resler, and Wahowiak.

### B. Plaintiff's Complaint Must Be Dismissed as to OPR Because He Failed to Exhaust His Administrative Remedies

Defendants claim that Leinenbach failed to exhaust his administrative remedies and that his Complaint must be dismissed because he failed to appeal OPR's decision to neither confirm nor

deny the existence of any records responsive to his FOIA request.[4] See Defs.' Mot. at 14-15. It appears to be undisputed that Plaintiff did not file an appeal in accordance with the procedures outlined in Wahowiak's February 3, 2004 letter. Nevertheless, Plaintiff claims that he believed his letter to the Federal Circuit constituted an appeal of OPR's decision and that he "had satisfied his appeal obligation and administrative remedy" upon receiving a response. See Opp'n at 10.

Our Court of Appeals has explained that "[e]xhaustion of administrative remedies is generally required before filing suit in federal court so that [an] agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." Oglesby v. Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990).

---

[4] An individual's exclusive relief under the Privacy Act is the disclosure, upon request and absent a relevant exemption, of "record[s] or any information pertaining to him which [are] contained in the [agency's] system." 5 U.S.C. § 552a(d)(1) (emphasis added). The statute does not permit an individual to receive or review records pertaining to a third party without that party's written consent. See 5 U.S.C. 552a(b). As a result, OPR's acknowledgment that its search located no records relating to Plaintiff extinguished any cause of action he might have had under the Privacy Act in this case. Because Plaintiff does not have Miller's written consent, he has no right under the PA to see records relating to her.

While FOIA includes an exhaustion requirement, 5 U.S.C. § 552(a)(6), it does not make that requirement jurisdictional. See Hidalgo v. Federal Bureau of Investigation, 344 F.3d 1256, 1258 (D.C. Cir. 2003). Thus even though a court may entertain a FOIA action before the plaintiff has exhausted her administrative remedies, our Court of Appeals has explained that, as a prudential matter, the statute's "scheme 'favors treating failure to exhaust as a bar to judicial review.'" Wilbur v. Central Intelligence Agency, 355 F.3d 675 (D.C. Cir. 2004) (quoting Hidalgo, 344 F.3d at 1259). Accordingly, in this jurisdiction, there is a presumption against judicial review in cases where a FOIA plaintiff has failed to exhaust his administrative remedies.

There is no question that, as to his OPR request, Plaintiff failed to exhaust the remedies available to him at DOJ. As noted supra, on February 3, 2004, OPR notified Plaintiff that it had failed to locate any records relating to him. See Hall Decl., Ex. 7. It further explained that it would decline to confirm or deny the existence of any responsive records relating to Miller, pursuant to FOIA exemptions (b)(6) and (b)(7), because to do so would constitute an "invasion of personal privacy" under the circumstances. Id. DOJ's carefully-crafted letter explains to Plaintiff that "if he [is] not satisfied with this response, [he] may appeal in writing within sixty days" and gives him explicit instructions on how to file such an appeal. Moreover, it notifies

him that if he is "dissatisfied with the result of any appeal [he] make[s], judicial review may thereafter be available . . . in the United States District Court." Id.

Upon receiving OPR's letter, Plaintiff was clearly on notice that he had appellate rights, that there was a specific process by which he could avail himself of those rights, and that judicial review could only occur after he had taken an appeal and received an adverse response. Nevertheless, as of June 24, 2005—more than 120 days after OPR sent its letter—there was no record of Plaintiff having filed an appeal in accordance with the instructions provided. See Hall Decl., Ex. 8.

Plaintiff's argument that he believed his June 25, 2004 letter to the Federal Circuit constituted an appeal of OPR's decision is unconvincing for at least three reasons. First, OPR's letter gave explicit instructions to send any appeal to the "U.S. Department of Justice, Office of Information and Privacy" and provided an address for that office. Nowhere does the letter suggest that he could seek relief at the Federal Circuit. Second, Plaintiff contacted the Federal Circuit approximately five months after receiving OPR's decision—well beyond the 60-day deadline set forth in that decision—and only after NPRC's letter instructed him to do so. Third, and finally, by filing two separate FOIA/PA requests, and maintaining parallel correspondence with the various agencies involved in those requests, Plaintiff has shown himself to be savvy

enough to understand that his administrative remedies at OPR might differ from his administrative remedies at NPRC.

Under these circumstances, the Court must conclude that Plaintiff failed to exhaust his administrative remedies. Applying the principles set forth in Oglesby, Hidalgo, and Wilbur, furthermore, that failure compels dismissal of Plaintiff's Complaint as to OPR.[5]

**C. Summary Judgment Must Be Entered in NPRC's Favor Because Plaintiff Failed to Make His Request in Accordance With the Agency's Published Rules and Procedures**

**1. Plaintiff's Complaint cannot be dismissed as to NPRC for failure to exhaust administrative remedies**

The Government argues that, as is the case with OPR, Plaintiff failed to exhaust his administrative remedies with NPRC and that his Complaint must be dismissed on that ground.[6] See Defs.' Mot. at 15. Plaintiff contends that he believed his letter to the

---

[5] Because Plaintiff's FOIA claim against OPR is not properly before the Court at this time, it is unnecessary to address the adequacy of its search or the applicability of the exemptions on which it relied.

[6] The Court notes that Plaintiff initially filed his FOIA request with the EOUSA, which subsequently directed him to the NPRC. FOIA requires an agency to "conduct a search reasonably calculated to uncover all relevant documents," Kowalcyzk v. Dep't of Justice, 73 F.3d 386, 388 (D.C. Cir. 1996), and prohibits it from improperly withholding any responsive documents it uncovers. See 5 U.S.C. § 552(a)(4)(B). Accordingly, because EOUSA informed Plaintiff that it maintains no documents relevant to his request, it cannot have improperly withheld such documents and thus cannot have violated FOIA. If Plaintiff can maintain any FOIA action regarding the records he originally requested from EOUSA, he must proceed against NPRC.

Federal Circuit to be an appeal of both OPR's and NPRC's decisions and that by sending that letter he had exhausted his administrative remedies as to both.  See Opp'n at 10.  While the Court has already rejected that argument with respect to Plaintiff's OPR request, it is far more convincing in the context of his NPRC request.

In stark contrast to the carefully-worded letter by OPR which informed Plaintiff that it had taken an appealable action and clearly outlined the appellate process available to him, NPRC's correspondence provides almost no relevant information regarding the administrative process to be followed.  William Bassman's April 5, 2004 letter does not indicate whether NPRC had, in fact, made a final decision not to provide the information requested.  See Defs.' Mot., Ex. 6.  Nor, beyond suggesting that he contact the Federal Circuit, does it explain whether Plaintiff might have any appellate rights.[7]  Id.  The October 6, 2004 letter from Wayman, furthermore, contains no instructions about an appeal whatsoever and reads as if it is a final agency decision.

---

[7] The Court cannot understand why Bassman, an employee of NPRC for more than thirty years and the Chief of its Reference Service Branch for fifteen, would direct Plaintiff to the Federal Circuit.  Because that court has no criminal jurisdiction, Assistant United States Attorneys do not appear before it.  Furthermore, as a judicial body, rather than a component of the executive branch, it would have no reason or right to maintain employment records on federal prosecutors.  The Court would expect a high-ranking officer within NPRC to have provided clearer and more accurate information in response to Plaintiff's FOIA request.

Under these circumstances, Plaintiff could reasonably have concluded that he exhausted his administrative remedies before the NPRC. Bassman's imprecise letter could easily have given him the impression that his only avenue for appellate relief was before the Federal Circuit. Upon contacting the Federal Circuit, and later receiving two letters declining to provide the information he sought, including Wayman's October 6, 2004 letter, it would not have been unreasonable for Plaintiff to assume that his "appeal" had been considered and denied and that he had no further hope of administrative redress.

Where, as under FOIA, exhaustion of administrative remedies is prudential rather than jurisdictional, a court is not barred from hearing a claim that has not been exhausted. Hidalgo, 344 F.3d at 1258; see also Avocados Plus v. Veneman, 370 F.3d 1243, 1247 (D.C. Cir. 2004). While there can be no question that Plaintiff did not exhaust his administrative remedies, his efforts to do so, flawed though they were, appear to have been taken in good faith and pursuant to the vague directions given by the agency itself. On these facts, where Plaintiff's failure to exhaust is due in no small part to the agency's carelessness, it would elevate form over substance to dismiss Plaintiff's claim as to NPRC on this ground.

Accordingly, the Court will not dismiss Plaintiff's Complaint as to NPRC for failure to exhaust his administrative remedies.

### 2. NPRC is entitled to summary judgment on Plaintiff's FOIA/PA request because Plaintiff failed to make his request in accordance with the agency's published rules and procedures

Having determined that the Complaint cannot be dismissed as to NPRC for failure to exhaust, the Court must now consider the substantive issue: whether, as the Government contends, NPRC conducted an adequate search of its records in response to Plaintiff's request and is therefore entitled to summary judgment. See Defs.' Mot. at 16-18.

Under FOIA, an agency is obligated to conduct a reasonable search for responsive records using methods that can reasonably be expected to produce the information requested. See Kowalcyzk, 73 F.3d at 388; Weisberg v. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983); see also Oglesby, 920 F.2d at 68. "The issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." Perry v. Block, 684 F.2d 121, 128 (D.C. Cir. 1982). An agency's declarations regarding the adequacy of its search are afforded a presumption of good faith. See SafeCard Services, Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

An agency's duty to conduct a FOIA search, however, is predicated upon its receiving a request that "reasonably describes such records," and is made "in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3). Accordingly, an agency has some

discretion to determine the procedures under which it will entertain FOIA requests.

Plaintiff's initial request to NPRC was returned on March 9, 2004, accompanied by a returned request form indicating that NPRC would require additional information before it could initiate a search. See Bassman Decl., Attach. A.  When, by letter dated March 15, 2004, Plaintiff notified the agency that he would not provide such information, NPRC again responded.  This time, in Bassman's April 5, 2004 letter, NPRC indicated that it held records for 919 individuals named Barbara Miller and that pursuant to agency procedures, it could not honor his FOIA request without more specific information identifying the individual whose records he sought.  See id., Attach. C.  Bassman repeated the agency's earlier request for the "complete name, social security number, date-of-birth, name of the federal agency by whom employed, and the approximate . . . dates of employment" of the particular Barbara Miller who was the subject of Plaintiff's request.  Id.

Given the volume of personnel records maintained by NPRC—approximately 80 million—and the fact that its computer registry system is catalogued according to an individual's "full name, social security number, and date of birth," it is not unreasonable for the agency to require such information in order to process a FOIA request.  See Bassman Decl. ¶¶ 3,5.  Furthermore, NPRC widely publicizes the fact that it requires such information

in order to process requests for personnel records, including listing the requirement on its website. See NPRC, http://www.archives.gov/st-louis/civilian-personnel/public-services.html (last visited June 5, 2006) (noting that a request must include the individual's "full name used during Federal employment, date of birth, social security number, name of employing Federal agency" and beginning and ending dates of employment).

By continuing to seek Miller's personnel records without providing such information, Plaintiff failed to make his FOIA request consistent "with the [agency's] published rules . . . and procedures."[8]  5 U.S.C. § 552(a)(3).  Consequently, the search NPRC undertook on his behalf was reasonable and adequate.  FOIA requires no more.  Perry, 684 F.2d at 128.

The Court will therefore enter summary judgment in NPRC's favor on Plaintiff's FOIA claim.

---

[8] Plaintiff's argument that requiring him to provide such information was an attempt to "solicit[] [him] to become involved in a conspiracy . . . by dissemination of the privacy of an individual's personal information and data he is unauthorized to have, maintain or disclose" is unpersuasive.  Opp'n at 5.

First, as noted supra, it is reasonable for NPRC to require such identifying information in order to process a FOIA/PA request given the vast number of records it holds and the method it uses to catalogue them.  Second, if, as Plaintiff appears to concede, he is "unauthorized to have, maintain, or disclose" "personal information and data" relating to Miller, NPRC would be under no obligation to release her personnel records to him.  See 5 U.S.C. § 552(b)(6), (b)(7)(C).  Third, and finally, Plaintiff has no support for his argument that he could be prosecuted for providing such information to NPRC.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. No. 12] is **granted**.

An Order will issue with this Opinion.


June 14, 2006
/s/
Gladys Kessler
U.S. District Judge


**Copies to: attorneys on record via ECF and**

**JAMES LEINENBACH**
**R41086-066**
**ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION**
**P.O. Box 2000**
**White Deer, PA 17887**